UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| STEVEN MARK HAYDEN, | Case No. 3:24-cv-00298-ART-CLB |
| Plaintiff, | ORDER |
| v. | |
| WESTERN STEEL INC. et al, | |
| Defendants. | |

Before the Court is Plaintiff Steven Mark Hayden's motion to withdraw the reference. (ECF No. 1.) For the reasons discussed below, the Court denies the motion.

**I.    DISCUSSION**

Hayden initiated an adversary proceeding against Defendants Western Steel Inc. and William B. Cashion in Nevada bankruptcy court on August 24, 2023. *Steven Mark Hayden, Sr. v. Western Steel Inc.*, Case No. 3:23-AP-05012 at ECF No. 1 (Bankr. Nev. 2023). On December 6, 2023, the bankruptcy court ordered Hayden to show cause why the proceeding should not be dismissed for lack of standing and failure to state a claim. *Id.* at ECF No. 12. On December 12, 2023, the court issued an order to show cause why sanctions should not be entered due to filings which suggested that Hayden was abusing the judicial process. *Id.* at ECF No. 17. On December 15, 2023, Hayden filed a notice of voluntary dismissal. *Id.* at ECF No. 27. On January 9, 2024, the bankruptcy court issued an order finding that Hayden's notice of dismissal was effective to dismiss the proceeding as to both defendants but retaining jurisdiction to determine the issue of sanctions. *Id.* at ECF No. 35. On July 9, 2024, Hayden filed this motion to withdraw the reference to district court. (ECF No. 1.)

A party who believes that a proceeding pending in the bankruptcy court should instead be litigated before the district court may move for withdrawal of

the reference pursuant to 28 U.S.C. § 157(d). However, a bankruptcy court order dismissing an adversary proceeding moots a motion to withdraw the reference as to that adversary proceeding. *See Lundahl v. Fireman's Fund Ins. Co.*, 129 F. App'x 479, 480 (10th Cir. 2005) (motion to withdraw the reference was moot in light of dismissal of the underlying bankruptcy case); *In re Szanto*, No. 13-BK-51261-BTB, 2014 WL 4636340, at *1 (D. Nev. Sept. 16, 2014) (same); *In re Lear Corp.*, 418 B.R. 47, 48 (S.D.N.Y. 2009) (same); *In re Garden Fresh Restaurants, LLC,* No. 21-CV-1440 JLS (KSC), 2022 WL 410942, at *1 (S.D. Cal. Feb. 10, 2022) (same).

Here, because Hayden voluntarily dismissed the adversary proceeding, and the bankruptcy court retained jurisdiction only for the purpose of determining whether sanctions should be issued, Hayden's motion to withdraw the reference is moot.

Hayden also requests a status conference. (ECF No. 3.) Because the Court has determined that his motion to withdraw the reference is moot, a status conference would not materially assist the determination of this case. The Court therefore denies this motion.

## II.    CONCLUSION

The Court therefore DENIES AS MOOT Plaintiff's motion to withdraw the reference (ECF No. 1).

The Court further DENIES Plaintiff's motion for a status conference (ECF No. 3).

The Clerk of Court is directed to close this case.


DATED: March 14, 2025

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE

2